UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

RYRICKA NIKITA CUSTIS, #1207403,

    Petitioner,

v.                                                     ACTION NO. 2:17cv476

HAROLD W. CLARKE,
Director of the Virginia Department of Corrections,

    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

This matter is before the Court on Ryricka Nikita Custis' *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and the respondent's motion to dismiss. This matter was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Local Civil Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. For the following reasons, the Court RECOMMENDS that respondent's motion to dismiss, ECF No. 13, be GRANTED, and Custis' petition, ECF No. 1, be DISMISSED WITHOUT PREJUDICE to Custis' right to present his claims after obtaining an order from the Court of Appeals for the Fourth Circuit.

On September 7, 2017, Custis submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging he was denied effective assistance of counsel during his trial in the Circuit Court for Accomack County on February 29, 2008. ECF No. 1 at 1, 5–6. Specifically, Custis asserts his counsel was ineffective for: (1) acting in concert with the prosecutor in

suppressing evidence by failing to call Gene Deshawn Ayres to testify at Custis' trial; and (2) failing to investigate Gene Deshawn Ayres. *Id.* at 5–6. Custis was convicted of robbery, use of a firearm in the commission of a felony, and possession of a firearm by a convicted felon, and sentenced, on July 10, 2008, to forty years in prison. ECF No. 1 at 1. On February 16, 2018, respondent filed an answer to the petition pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts and a motion to dismiss the petition, along with a supporting memorandum.[1] ECF Nos. 12–13, 15. On March 9, 2018, Custis filed a response in opposition to the motion to dismiss. ECF No. 16. On April 9, 2018, the Court granted Custis' motion to amend his petition to add an affidavit in support of the petition. ECF Nos. 17–19. Respondent filed a response to the amended petition on May 30, 2018, and Custis replied to the response on June 27, 2018. ECF Nos. 20, 22.

Custis previously filed a petition for a writ of habeas corpus in this Court, on May 24, 2013, alleging that: (1) he was denied effective assistance of counsel due to his counsel's failure to conduct an independent investigation of the facts, and counsel's failure to call Gene Deshawn Ayres as a witness on Custis' behalf; (2) there was insufficient evidence to support his conviction; (3) the prosecution committed misconduct by failing to investigate inconsistencies in testimony, and by introducing evidence improperly against Custis through officer testimony; (4) his sentence was grossly disproportionate to those imposed on his co-defendants; and (5) he was denied effective assistance of counsel when counsel failed to raise a constitutional challenge pursuant to the Double Jeopardy Clause. *Custis v. Clarke*, No. 2:13cv302, ECF No. 1-1. The petition was

---

[1] The motion to dismiss included a separately filed notice, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and Local Rule 7(K), providing Custis with notice of how to timely respond thereto and the potential consequences for failing to do so. ECF No. 13.

denied and dismissed with prejudice on April 11, 2014. *Custis v. Clarke*, No. 2:13cv302, ECF No. 23.

Custis' current petition, which seeks relief from the same 2008 convictions, is a successive section 2254 petition. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." This Court has not received an order from the Court of Appeals for the Fourth Circuit authorizing the consideration of Custis' application for a writ of habeas corpus, nor does it appear from the petition that Custis has moved for such an order. Therefore, this Court may not consider Custis' application for a writ of habeas corpus.

It is therefore RECOMMENDED that Custis' federal petition be DISMISSED WITHOUT PREJUDICE to Custis refiling his federal petition after obtaining an order from the Court of Appeals for the Fourth Circuit.

## REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P.

72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based upon such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Robert J. Krask
United States Magistrate Judge
Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
June 29, 2018